UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MATTHEW GAVAZZI,

                          **Plaintiff,**

                  v.                                          3:13-CV-834
                                                                         (FJS)

**CAROLYN W. COLVIN,**
**Commissioner of Social Security,**

                          **Defendant.**
_____

**APPEARANCES**                                             **OF COUNSEL**

**LACHMAN & GORTON**                      **PETER A. GORTON, ESQ.**
P.O. Box 89
1500 East Main Street
Endicott, New York 13761-0089
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**      **LAUREN E. MYERS, ESQ.**
**OFFICE OF REGIONAL**                   **MONIKA K. CRAWFORD, ESQ.**
**GENERAL COUNSEL – REGION II**
26 Federal Plaza – Room 3904
New York, New York 10278
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Matthew Gavazzi brought this action pursuant to the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3) ("Act"), seeking judicial review of a final decision of the

Commissioner of Social Security (the "Commissioner"), denying his application for benefits. *See generally* Dkt. Nos. 1, 14. Currently before the Court are the parties' cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *See* Dkt. Nos. 14, 16.

## II. PROCEDURAL HISTORY AND BACKGROUND

Plaintiff filed an application for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") on August 10, 2011, alleging disability beginning on September 15, 2006. *See* Administrative Record ("AR") at 4, 13, 61. The Commissioner denied Plaintiff's application on October 19, 2011. *See id.* at 24-29. Plaintiff timely filed a written request for a hearing, which was held before Administrative Law Judge Edward I. Pitts ("ALJ"). *See id.* at 2, 236. Attorney Peter Gorton represented Plaintiff at the hearing. *See id.* at 236.

On April 29, 2013, the ALJ issued a written decision in which he made the following findings "[a]fter careful consideration of the entire record . . . ."

1) Plaintiff "meets the insured status requirements of the Social Security Act through September 30, 2011."
2) Plaintiff had not "engaged in substantial gainful activity since September 15, 2006, the alleged onset date."
3) Plaintiff "has had the following severe impairments: degenerative disc disease of the lumbar and cervical spine."
4) Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."
5) "After careful consideration of the entire record, I find that [Plaintiff] has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). [Plaintiff] specifically retains the residual functional capacity to lift no more than 10 pounds at a time, stand for 2 hours out of an 8 hour workday, walk for 2 hours out of an 8 hour work day, and sit for 6 hours out of an 8 hour workday. He has no limitations on use of his hands for fine manipulation."

6) Plaintiff "is unable to perform any past relevant work."
7) Plaintiff "was born on January 21, 1970 and was 36 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date."
8) Plaintiff "has at least a high school education and is able to communicate in English."
9) "Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is "not disabled," whether or not [he] has transferable job skills."
10) "Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform."
11) Plaintiff "has not been under a disability, as defined in the Social Security Act, from September 15, 2006, through the date of this decision."

*See* AR at 15-20 (citations omitted).

The ALJ's decision became the Commissioner's final decision on June 22, 2013, when the Appeals Council of the Social Security Administration denied Plaintiff's request for review. *See* AR at 6-8. Plaintiff then commenced this action on July 16, 2013, filing a supporting brief on January 30, 2014. *See* Dkt Nos. 1, 14. Defendant filed a response brief on March 17, 2014. *See* Dkt. No. 16.

In support of his motion, Plaintiff argues that there is not substantial evidence to support the ALJ's findings with respect to his residual functional capacity ("RFC"). In particular, Plaintiff argues that the ALJ erred by not finding in his RFC analysis that Plaintiff requires additional breaks during a workday, that he suffers from diminishment of concentration and work pace, that he would be episodically absent as a result of his impairments, and that he would often need to change positions during a workday. Plaintiff further argues that the ALJ improperly weighed medical source opinions and Plaintiff's credibility. *See generally* Dkt. No. 14, Pl.'s Br.

# III. DISCUSSION

## A. Standard of review

Absent legal error, a court will uphold the Commissioner's final determination if there is substantial evidence to support it. *See* 42 U.S.C. § 405(g). The Supreme Court has defined substantial evidence to mean "'more than a mere scintilla'" of evidence and "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). To be eligible for benefits, a claimant must show that he suffers from a disability within the meaning of the Act. The Act defines "disability" as an inability to engage in substantial gainful activity ("SGA") by reason of a medically determinable physical or mental impairment that can be expected to cause death or last for twelve consecutive months. *See* 42 U.S.C. § 1382c(a)(3)(A). To determine if a claimant has sustained a disability within the meaning of the Act, the ALJ follows a five-step process:

> 1) The ALJ first determines whether the claimant is engaged in SGA. *See* 20 C.F.R. §§ 416.920(b), 416.972. If so, the claimant is not disabled. *See* 20 C.F.R. § 416.920(b).
>
> 2) If the claimant is not engaged in SGA, the ALJ determines if the claimant has a severe impairment or combination of impairments. *See* 20 C.F.R. § 416.920(c). If not, the claimant is not disabled. *See id*.
>
> 3) If the claimant has a severe impairment, the ALJ determines if the impairment meets or equals an impairment found in the appendix to the regulations (the "Listings"). If so, the claimant is disabled. *See* 20 C.F.R. § 416.920(d).
>
> 4) If the impairment does not meet the requirements of the Listings, the ALJ determines if the claimant can do his past relevant work. *See* 20 C.F.R. § 416.920(e), (f). If so, he is not disabled. *See* 20 C.F.R. § 416.920(f).
>
> 5) If the claimant cannot perform his past relevant work, the ALJ determines if he can perform other work, in light of his RFC, age, education, and experience. *See* 20 C.F.R. § 416.920(f), (g). If so, then he is not disabled. *See* 20 C.F.R. § 416.920(g). A claimant is

only entitled to receive benefits if he cannot perform any
alternative gainful activity.  *See id*.

For this test, the burden of proof is on the claimant for the first four steps and on the Commissioner for the fifth step, if the analysis proceeds that far.  *See Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998) (quotation omitted).

Between steps three and four of the disability analysis, the ALJ must determine the claimant's residual functioning capacity ("RFC"), which is defined as "the most you can still do [in a work setting] despite your limitations."  20 C.F.R. § 416.945(a)(1); *see also* 20 C.F.R. § 416.920(e).  The RFC analysis considers "all of your medically determinable impairments of which we are aware," even if they are not severe.  20 C.F.R. § 416.945(a)(2).  The ALJ is to consider "all of the relevant medical and other evidence" in assessing RFC.  20 C.F.R. § 416.945(a)(3).

### B.  ALJ's weighing of medical source opinions

The Commissioner's regulations instruct that

> [g]enerally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) . . . .  If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques *and is not inconsistent with the other substantial evidence in your case record*, we will give it controlling weight.

20 C.F.R. § 404.1527(c)(2) (emphasis added).  When affording a treating physician's opinion less than controlling weight, the ALJ "will always give good reasons" for doing so. *Id.*  To that end,

> [t]he factors that must be considered when the treating physician's opinion is not given controlling weight include: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support

of the opinion; (iii) the opinion's consistency with the record as a whole; and (iv) whether the opinion is from a specialist."

*Brickhouse v. Astrue*, 331 F. App'x 875, 877 (2d Cir. 2009) (quoting *Clark v. Commissioner of Social Sec.*, 143 F.3d 115, 118 (2d Cir. 1998)); *see also* 20 C.F.R. § 404.1527(c)(1)-(6). Thus, treating physician opinions are "'not afforded controlling weight where . . . the treating physician issued opinions that are not consistent with other substantial evidence in the record . . . .'" *Petrie v. Astrue*, 412 F. App'x 401, 405 (2d Cir. 2011) (quoting *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (per curiam)). In particular, an ALJ may properly afford less than controlling weight to a treating physician's medical source statement where the "medical source statement conflict[s] with his own treatment notes." *Cichocki v. Astrue*, 534 F. App'x 71, 75 (2d Cir. 2013).

In this case, Plaintiff argues that the ALJ erred by affording less than controlling weight to the opinions of Drs. Wood and Masarech. The ALJ considered two medical source statements from treating orthopedist Dr. Wood. In particular, he gave great weight to Dr. Wood's July 2012 opinion that Plaintiff may be on his feet and ambulatory for two out of eight hours, that he may not lift over ten pounds for only 20% of the day, and that he may lift up to five pounds for the remainder of the workday. *See* AR at 18. However, the ALJ gave minimal weight to the portion of Dr. Wood's opinion that Plaintiff may need to change positions frequently. *See id.* In doing so, he reasoned that this portion of Dr. Wood's opinion was neither supported by any clinical evidence nor specific as to how frequently Plaintiff would need to do so. *See id.*

The ALJ also gave significant weight to Dr. Wood's March 2013 opinion. *See* AR at 18. However, he gave no weight to Dr. Wood's opinion that Plaintiff must alternate from sitting to standing and that he would miss substantial work if required to perform sedentary work. *See id.* In doing so, he reasoned that this opinion was inconsistent with Dr. Wood's treatment notes,

including those from Plaintiff's most recent visit in March of 2013. *See id.* The Court's review of the record confirms that Dr. Wood's treatment notes do not mention Plaintiff's need to change positions. Indeed, Dr. Wood's treatment notes reveal negative straight leg raising test on April 9, 2012, *see id.* at 212, multiple mentions of the fact that Plaintiff's medication provided significant relief, *see id.* at 208, 210, and that his most recent neurological assessment showed no significant abnormalities, *see id.* at 225. Moreover, Dr. Wood's treatment notes make no mention of concentration problems arising as side effects of Plaintiff's medication. These portions of Dr. Wood's treating notes tend to show inconsistencies with Dr. Wood's opinion that Plaintiff must alternate from sitting to standing and that he would miss substantial work if required to perform sedentary work.

Additionally, the ALJ gave little weight to Dr. Masarech's opinion. *See* AR at 19. In weighing this opinion, the ALJ noted inconsistencies between Dr. Masarech's opinion and his treatment notes, including that the treatment notes "exhibited only minimal abnormalities" and that Plaintiff "was noted to be in acute distress and was *not noted to have problems sitting*." *See id.* (emphasis added). Additionally, the ALJ noted that Dr. Masarech saw Plaintiff on only two occasions which were nearly three years apart. *See id.*

For these reasons, the Court finds that the ALJ applied the correct legal standard and offered sufficient reasons for affording less than controlling weight to portions of Dr. Wood's and Dr. Masarech's opinions. *See* 20 C.F.R. § 404.1527(c)(2); *Cichocki*, 534 F. App'x at 75.

## C. ALJ's credibility assessment

When a claimant makes subjective allegations of symptoms limiting his ability to function, the regulations provide that

> [y]our symptoms, such as pain . . . will not be found to affect your ability to do basic work activities unless medical signs or laboratory findings show that a medically determinable impairment(s) is present . . . which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged.

20 C.F.R. § 416.929(b); *see also* 20 C.F.R. § 404.1529(b). Accordingly, the Social Security Administration has adopted a two-step standard for assessing a claimant's credibility. *See* Social Security Ruling ("SSR") 96-7p, 1996 WL 374186, *2 (July 2, 1996); *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010).

> First, the ALJ must determine whether the claimant suffers from a "medically determinable impairment[ ] that could reasonably be expected to produce" the pain alleged. 20 C.F.R. § 404.1529(c)(1); . . . Second, the ALJ must evaluate the intensity and persistence of those symptoms considering all of the available evidence; and, to the extent that the claimant's pain contentions are not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry.

*Meadors*, 370 F. App'x at 183 (citations and footnote omitted)).

In this case, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. *See* AR at 17. He then found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely credible. *See id.* In particular, the ALJ concluded that Plaintiff's description of his pain was inconsistent with his treatment history and his activities of daily living. *See id.* In this respect, the ALJ noted that Plaintiff's treatment for his degenerative disc disease had been conservative, consisting primarily of medication which, as he reported to Dr. Wood, effectively relieved his pain. *See id.* Additionally, the ALJ noted that Plaintiff reported being able to occasionally barbecue twice a week, walk places, drive a car, shop for groceries, and do yard work. *See id.* Finally, the ALJ found that Plaintiff's report of concentration problems and leg cramps was not supported by his treatment records. *See id; see also supra* Part

III.B. (finding no mention of concentration issues in Dr. Wood's treatment notes). Accordingly, the Court finds that the ALJ sufficiently analyzed Plaintiff's subjective allegations of pain to the extent that they were not substantiated by objective medical evidence.[1] *Meadors*, 370 F. App'x at 183.

In summary, to the extent that Plaintiff points to evidence in the Administrative Record that reasonably might support a different conclusion in his favor, "whether there is substantial evidence supporting the appellant's view is not the question" on appeal. *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013). Accordingly, the Court finds that the ALJ applied the appropriate legal standards in his RFC analysis and further that there is substantial evidence supporting his finding with respect to Plaintiff's RFC. *See Richardson*, 402 U.S. at 401.

## IV. CONCLUSION

Having reviewed the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for judgment on the pleadings, *see* Dkt. No 14, is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings, *see* Dkt. No. 16, is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's decision is **AFFIRMED** and Plaintiff's complaint is **DISMISSED**; and the Court further

---

[1] Moreover, to the extent that Plaintiff argues that the ALJ erred by not discussing in his written decision the testimony of Plaintiff's family members concerning Plaintiff's physical limitations, the Court finds this argument to be without merit. *See Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (instructing that ALJ need not discuss every piece of evidence submitted).

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated: March 31, 2016
      Syracuse, New York

                                        Frederick J. Scullin, Jr.
                                        Senior United States District Judge